522 A.2d 676

Lamont Congo, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 22, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lamont Congo,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

*John C. Armstrong,* Assistant Public Defender, Parole Division, for Office of Public Defender.

OPINION BY SENIOR JUDGE BARBIERI, March 11, 1987:

In this parole revocation appeal, we are called upon to determine whether the appeal of Petitioner, Lamont Congo, is "wholly frivolous" so as to entitle his appointed counsel leave to withdraw. Congo appealed an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him as a convicted parole violator to serve the entire remaining balance of his unexpired term, seven years, three months, and thirteen days. It is counsel's petition for leave to withdraw that is before the Court at this time.

The following facts are pertinent to our disposition of counsel's petition. On November 9, 1981, while on parole, Congo and a friend, Raymond King, were involved in an altercation with one Robert Hendericks. Hendericks and King had fought previously with King being the loser. Congo tried unsuccessfully to shoot Hendericks and passed the gun to King who then succeeded in shooting Hendericks. Hendericks subsequently died of his wounds. Congo was arrested on May 25, 1982, and charged with Murder[1] and Possession of an Instrument of Crime.[2] He was convicted of Third Degree Murder and Possession of an Instrument of Crime in Philadelphia County Common Pleas Court on December 16, 1982. In the meantime, the Board asserted that he had violated conditions 5B[3] and 5C[4] of his parole.

---

[1] 18 Pa. C. S. §2502.

[2] 18 Pa. C. S. §907.

[3] General parole condition 5B requires that parolees refrain from owning or possessing any firearm or other weapon. *See* 37 Pa. Code §63.4(5)(ii).

[4] General parole condition 5C requires that parolees refrain from assaultive behavior. *See* 37 Pa. Code §63.4(5)(iii).

On January 9, 1985, he was given a parole Violation/Revocation Hearing before a quorum of the Board at the State Correctional Institution at Graterford (SCI-Graterford). Following that hearing, the Board, by order dated February 26, 1985, revoked his parole and recommited him as a technical parole violator for thirty-six months and as a convicted parole violator for the entire balance of his unexpired term. The Board also extended the maximum term expiration date of his original sentence to June 4, 1992.

On June 16, 1986, Congo sought administrative relief and reconsideration of the Board's February 26, 1985, order that recommitted him as a technical parole violator in light of the Pennsylvania Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). On June 20, 1986, the Board partially granted the relief he requested by vacating its prior recommitment as a technical parole violator but now required him to serve his entire unexpired term as a convicted parole violator for his murder conviction. He appealed that decision contending the Board should have reduced his backtime by thirty-six months and moved up his re-parole eligibility date accordingly. We appointed the Montgomery County Public Defender to represent him pursuant to *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981), since he was incarcerated in SCI-Graterford, in Montgomery County. Following his review of the record, counsel has petitioned for leave to withdraw under our decision in *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985), on the ground that Congo's appeal is wholly frivolous. *See generally* Wile, *The Right to Counsel Under Pennsylvania Law in State Parole Revocation Hearings*, 91 Dick. L. R. 151, 182-183 (1986).

In reviewing a petition by counsel for leave to withdraw based upon the alleged frivolity of an appeal, we must first ascertain whether counsel has complied with the technical requirements of *Craig*. In this case, we are satisfied that counsel has done so. Counsel has filed a petition for leave to withdraw as well as an *Anders*[5] brief, both of which have been served upon Congo. Counsel has also informed him of his right to procure substitute counsel or to file a *pro se* brief raising any points he may deem worthy of merit. Finally, Congo has been provided with thirty days in which to respond to counsel's petition either by the filing of a *pro se* brief or the procurement of substitute counsel and has duly filed a *pro se* brief in which he raises those points he deems worthy of merit. Thus, the threshold requirements of *Craig* have been met and we may now review the merits of counsel's petition.

Once counsel has determined that an appeal is wholly frivolous and seeks leave to withdraw on that basis, it becomes the duty of the reviewing court to conduct a full examination of the proceedings and make an independent judgment as to the frivolity of the appeal. *Santiago v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 51, 506 A.2d 517 (1986). We have previously defined a "wholly frivolous" appeal as one that is completely devoid of points present which might arguably support an appeal. *Reale v. Pennsylvania Board of Probation and Parole*, 99 Pa. Commonwealth Ct. 16, 512 A.2d 1307 (1986). Our review of the record compels us to concur with counsel's judgment that this appeal is wholly frivolous.

The sole issue raised by Congo in this appeal is whether the Board abused its discretion in requiring him to serve his entire remaining unexpired term as a

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

convicted parole violator after it had vacated his recommitment as a technical parole violator. From the outset, we note that he does not contest the fact he was convicted of Third Degree Murder while on parole. The Board's published presumptive range for that offense is thirty-six months to unexpired term. *See* 37 Pa. Code §75.2. When the Board vacated its recommitment action based upon the technical parole violations as was required under *Rivenbark,* it was permitted to exercise its administrative discretion and impose the full unexpired term as the penalty for the remaining valid parole violation, the murder conviction. *Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987); *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). Since the backtime imposed for the murder conviction, unexpired term, is within the presumptive range for that offense and the fact of the new conviction is not challenged, the Board's discretion in imposing that amount of backtime will not be reviewed. *See Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985), *petition for allowance of appeal denied,* No. 279 W.D. Allocatur Dkt. 1985 (Pa., filed November 12, 1985); *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985); *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984) (Commonwealth Court will not review the Board's discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations).

There is likewise no ambiguity in the meaning of the Board's use of "unexpired term" in its order of June 20,

1986. The technical parole violations were deleted and the unexpired term was imposed only for the murder conviction. Since the thirty-six months backtime previously imposed for the technical parole violations was eliminated by the Board when it vacated Congo's recommitment as a technical parole violator under *Rivenbark,* the "unexpired term" imposed by the Board in its order of June 20, 1986, could only mean the seven years, three months, and thirteen days he had remaining on his original sentence. *But see Kramer v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 235, 521 A.2d 975 (1987) (where Board imposes backtime for technical parole violations and then imposes the unexpired term as backtime for a new conviction an ambiguity exists whether the backtime for a new conviction an ambiguity exists whether the backtime for the new conviction is concurrent with or consecutive to the backtime imposed for the technical parole violations requiring a remand to the Board for clarification where the technical parole violations are later deleted in accordance with *Rivenbark).*

Since the only issue raised by Congo on appeal involves the exercise of the Board's discretion that is within the parameters where this Court has repeatedly stated it will not review, the appeal is devoid of points which might arguably support it and is, therefore, wholly frivolous. On that basis, we shall grant counsel's petition for leave to withdraw. In that our independent examination of the record compels us to conclude Congo's appeal is wholly frivolous, we shall affirm the Board's order.

## ORDER

Now, March 11, 1987, upon consideration of the petition of John C. Armstrong, Esquire, for leave of court

to withdraw, and the *pro se* brief submitted by Petitioner, Lamont Congo, said petition is hereby granted and his entry of appearance on behalf of Petitioner, Lamont Congo, is ordered stricken. Since this Court has determined after its independent review of the entire record that this appeal is wholly frivolous, the order of the Pennsylvania Board of Probation and Parole at Parole No. 4028-H, dated June 20, 1986, is hereby affirmed.