543 A.2d 221

Pernell Smith, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 21, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Vincent J. Quinn*, Assistant Public Defender, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him, *Robert A. Greevy*, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 22, 1988:

A Pennsylvania Board of Probation and Parole (Board) hearing examiner recommitted Pernell Smith as a technical parole violator to serve ten months backtime for violating special condition six of his parole (must maintain employment once obtained). The Board de-

nied Smith's petition for administrative relief. Smith appeals; we affirm.[1]

Smith was arrested and detained while on parole. At the violation hearing, Smith waived his rights to counsel, preliminary and full Board hearings, and admitted that he failed to maintain employment.[2] He argues that the backtime imposed by the Board was excessive and unreasonable, because he quit his employment in anticipation of securing a higher paying position.

This contention is without merit. When a finding of violation is supported by substantial evidence and the recommitment period imposed is within the presumptive range, this Court will not review the Board's discretionary imposition of backtime. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Here, the backtime imposed is well within the presumptive range for violations of special parole conditions (three to eighteen months), 37 Pa. Code §75.3(f), *Johnson v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commonwealth Ct. 183, 527 A.2d 1107 (1987); *Wagner v. Pennsylvania Board of Probation and Parole,* 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007 (1985).

The Board contends that Smith's appeal is "wholly frivolous," warranting an assessment of costs and reasonable attorneys fees pursuant to Pa. R.A.P. 2744, which provides, in pertinent part:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court

---

[1] In affirming, we note that our scope of review is limited to a determination of whether the Board's order is supported by substantial evidence, is in accordance with the law, or whether a violation of constitutional rights has occurred. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985).

[2] N.T., 9/8/87, p. 5.

may award as further costs damages as may be just, including

    (1)   a reasonable counsel fee ...

    ....

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines participant as either "litigants, witnesses, or their counsel." Here, the Board requests that attorneys fees be imposed upon Smith and his counsel, jointly and severally.

In *Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987), we held that an appeal was wholly frivolous where the petitioner did not challenge the underlying violation, but challenged only the length of backtime, which was within the presumptive range. Additionally, we determined that a parolee's insistence on appealing on that issue provided his counsel with an opportunity to withdraw. Inasmuch as this Court characterized that appeal as "wholly frivolous," we must, in this case, adhere to our policy of awarding costs in cases of vexatious appeals.

It is within this Court's discretion to impose costs under Pa. R. A. P. 2744. *Smith v. Pennsylvania Board of Probation and Parole,* 114 Pa. Commonwealth Ct. 544, 539 A.2d 55 (1988). We disagree with Smith's numerous policy arguments against imposing costs. We believe the better policy is to discourage frivolous appeals so that justice may be more expeditiously served by directing our attention to legitimate claims.[3]

---

[3] Of course, all doubts about the frivolity of a particular appeal should be resolved in favor of the appellant and against the imposition of costs.

Accordingly, we affirm the Board's order and will grant its request for costs under Pa. R.A.P. 2744, to be assessed against Smith and the Lancaster Public Defender, jointly and severally.

ORDER

The decision of the Pennsylvania Board of Probation and Parole, No. 3167S dated October 20, 1987, is affirmed.

The Board is directed to submit a bill of reasonable costs and fees to this Court within fourteen (14) days.