547 A.2d 838

Willie Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 18, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Patrick J. Flannery,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 19, 1988:

This is an appeal by Willie Robinson (Petitioner) from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). For the reasons that follow, we affirm.

On February 2, 1987, the Board recommitted Petitioner to serve 18 months backtime as a technical parole violator. On February 11, 1987, the Board ordered Petitioner recommitted, when available, to an additional 15 months backtime as a convicted parole violator. The Board modified this order, on May 20, 1987, to apportion 18 months backtime to Petitioner's one and one-half to three year sentence and the balance of 15 months backtime to be served on a one to seven year sentence. On June 9, 1987, this decision was mailed to Petitioner along with an order dated May 21, 1987, establishing a tentative reparole date of April 5, 1989. On July 17, 1987, the Board received Claimant's pro se administrative appeal from the May 20, 1987 order. Because the Board received this appeal 38 days after the mailing date of its order, the Board dismissed the appeal as untimely pursuant to 37 Pa. Code §71.5(h)[1] in an order dated July 29, 1987. Over eight months later, on April 19, 1988, acting pro se, Claimant filed a petition for review with this court. Claimant then obtained counsel for the filing of a brief to this court.

"A petition for review of a quasi-judicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R. A. P. 1512(a)(1).

The timeliness of an appeal and compliance with the statutory provisions which grant the right of

---

[1] 37 Pa. Code §71.5(h) in pertinent part provides:
When errors under this chapter are alleged subsequent to the Board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board within 30 days of the date of entry of the order for appropriate review and relief.
The Board amended its administrative appeal procedure effective January 16, 1988. The present administrative appeal and relief provisions are found at 37 Pa. Code §73.1 and retain the 30 day appeal period.

appeal go to the jurisdiction of the court to hear and decide the appeal. . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 592, 593, 495 A.2d 213, 214 (1985) (quoting *Iannotta v. Philadelphia Transportation Company*, 11 Pa. Commonwealth Ct. 156, 159, 312 A.2d 475, 476 (1973)).

The final order appealed from here is dated July 29, 1987. Thus, the petition for review filed with this Court on April 19, 1988 is well beyond the thirty-day appeal period. Petitioner has not alleged a fraud or a breakdown in the court's operations that would excuse this delay. Therefore, we dismiss this appeal as untimely filed.

The Board contends that Claimant's appeal is "wholly frivolous," warranting an assessment of costs and reasonable attorney's fees pursuant to Pa. R.A.P. 2744, which provides in pertinent part:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including:

(1) a reasonable counsel fee . . .

. . . .

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines participant as either "litigants, witnesses, or their counsel." Here, the Board requests that attorney's fees be imposed upon Petitioner and his appellate counsel.

In support of this request, the Board cites *Smith v. Pennsylvania Board of Probation and Parole,* 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988). In *Smith,* we found an appeal wholly frivolous and granted the Board counsel fees because we previously found the same issue wholly frivolous while granting an attorney leave to withdraw. *See Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987) (appeal was wholly frivolous where petitioner did not challenge the underlying violation, but only challenged the length of backtime, which was within the presumptive range). In *Smith,* we stated that "[i]nasmuch as this Court characterized that appeal [*Congo*] as 'wholly frivolous,' we must, in this case, adhere to our policy of awarding costs in cases of vexatious appeals." *Id.* at 223, 543 A.2d at 222.

Here, the case law dealing with the timeliness issue is similarly situated. In *Hillanbrand v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 484, 508 A.2d 375 (1986), we held that an appeal was wholly frivolous when it was not filed within the 30 days required by Pa. R.A.P. 1512(a)(1) and no fraud or breakdown in the court's operation was alleged. Therefore, we granted counsel leave to withdraw.

Here, the issue is the same as that which we found wholly frivolous in *Hillanbrand.* Therefore, because *Smith* advises that we adhere to our policy of awarding costs in such cases, we are constrained to award the counsel fees to the Board.

Accordingly, we affirm the Board's order and will grant its request for costs under Pa. R.A.P. 2744, to be assessed against Petitioner and the Luzerne County Public Defender.

## ORDER

AND NOW, September 19, 1988, the order of the Pennsylvania Board of Probation and Parole in the above captioned case is affirmed.

The Board is directed to submit a bill of reasonable costs and fees to this Court within fourteen (14) days.

ORDER

Now, December 20, 1988, reconsideration in the above-captioned matter having been granted, this Court's prior order of September 19, 1988 is hereby confirmed.

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

I respectfully dissent from the majority's assessment of costs and counsel fees against Petitioner and Public Defender.

All of the actions and omissions here that make this appeal frivolous occurred while uncounseled Petitioner was proceeding pro se.

I note that we have not customarily assessed costs and counsel fees where the frivolity was the basis for allowing counsel to withdraw. *E.g., Hillanbrand.*[1] I would quash the appeal as the majority would, but would not assess counsel fees and costs against Petitioner, unlearned in the law, nor against the Public Defender who tried to provide representation to which Petitioner at that point was entitled. I would not penalize the Public Defender for not refusing the representation, which we would have ordered if requested to do so, nor for failing to file a petition to withdraw, although we may feel that he should have done the latter.[2]

---

[1] Assessing counsel fees and costs only when requested puts this procedure at the option of the appellee.

[2] In *Smith,* 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988), relied upon by the majority, we stated in Footnote No. 3 of that case:

3. Of course, all doubts about the frivolity of a particular appeal should be resolved in favor of the appellant and *against the imposition of costs.* (Emphasis added.)