548 A.2d 1295

John Lotz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

*Ellen K. Barry,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 23, 1988:
John Lotz (Petitioner) appeals from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). We affirm.

Petitioner was paroled in May of 1985 from a 1 year and four month to 5 year sentence for forgery. In October 1985, Petitioner was recommitted for twenty-four months for violations of his parole. Petitioner was released on parole again in February 1987. On May 13, 1987, Petitioner was charged with driving under the influence of alcohol. On June 23, 1987, Petitioner was arrested for a technical violation of parole condition No. 6 for consuming alcohol. A parole violation hearing was subsequently held where Petitioner admitted the parole violation. Huntingdon County District Attorney requested leniency before the Board. Thereafter, the criminal charges were dropped.

On December 28, 1987, the Board recommitted Petitioner as a technical parole violator to serve fifteen months backtime. Petitioner requested administrative relief which was denied. This appeal[1] followed.

Petitioner contends, as his sole basis for appeal, that the Board abused its discretion by ignoring substantial

---

[1] Our scope of review is limited to determining whether there has been an error of law, whether the Board's factual findings are supported by substantial evidence, and whether there has been any constitutional violation. *Kilpatrick v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 231, 521 A.2d 978 (1987).

mitigating circumstances when it recommitted him for fifteen months. We disagree.

This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). The presumptive range for violating special conditions of parole relating to consumption of alcohol is 3 to 18 months. 37 Pa. Code §75.4. *Johnson v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commonwealth Ct. 183, 527 A.2d 1107 (1987). Since the Board's imposition of 15 months backtime is within the presumptive range, we will not disturb it.

The Board contends that Appellant's appeal is "wholly frivolous," warranting an assessment of costs and reasonable attorney's fees pursuant to Pa. R.A.P. 2744 jointly and severally against Petitioner, Petitioner's appellate counsel, and the Public Defender's office of Cumberland County. This rule provides in pertinent part:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including:
>
> (1) a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

In *Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987), an inmate did not challenge the underlying parole violation, but only challenged the length of back-

time assessed which was within the presumptive range. We granted the appointed counsel leave to withdraw and labelled this type of appeal "wholly frivolous."

In *Smith v. Pennsylvania Board of Probation and Parole,* 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988), an inmate challenged only the length of backtime imposed although it was within the presumptive range and the Board requested counsel fees and costs as a penalty for bringing a frivolous appeal under Pa. R.A.P. 2744. President Judge CRUMLISH stated that "[i]nasmuch as this Court characterized that appeal [*Congo*] as 'wholly frivolous,' we must, in this case, adhere to our policy of awarding costs in cases of vexatious appeals." *Id.* at 223, 543 A.2d at 222 (1988).

Here, Petitioner admitted the underlying parole violation and challenges only the length of the backtime imposed by the Board even though the backtime is well within the presumptive range. This is the same issue which we found "wholly frivolous" in both *Congo* and *Smith* and must do so in this instance.

We are mindful of the numerous policy arguments Petitioner asserts against the award of costs and counsel fees. However, in light of *Smith,* we are constrained to award counsel fees and costs to the Board.

Accordingly, we affirm the Board's order. We award counsel fees and costs to be assessed jointly and severally against Petitioner, the Cumberland County Public Defender's office and Petitioner's appellate counsel pursuant to Pa. R.A.P. 2744.

## ORDER

AND NOW, September 23, 1988, the order of the Board of Probation and Parole in the above captioned case is affirmed. Counsel fees and costs are awarded to be assessed jointly and severally against Petitioner, his

542

appellate counsel, and the Cumberland County Public Defender's office.

The Board is directed to submit a bill of reasonable costs and fees to this Court within fourteen (14) days.

ORDER

NOW, December 20, 1988, reconsideration in the above-captioned matter having been granted, this Court's prior order of September 23, 1988 is hereby confirmed.