555 A.2d 295

Michael Monroe, Petitioner *v.* Commonwealth of
Pennsylvania, Pennsylvania Board of Probation
and Parole, Respondent.

Submitted on briefs November 9, 1988, to President
Judge CRUMLISH, JR., Judge COLINS, and Senior Judge
BLATT, sitting as a panel of three.

*Bruce E. Mattock*, Assistant Public Defender, with
him, *Dante G. Bertani*, Public Defender, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him,
*Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 8, 1989:

Michael Monroe appeals a Pennsylvania Board of Probation and Parole (Board) order recommitting him as a technical and convicted parole violator. We affirm.

Monroe, paroled after having served a term of two and one-half years for theft, was arrested and charged with burglary. The Board initially recommitted Monroe for twenty-four months for various technical violations. Monroe subsequently pleaded guilty to burglary charges and was recommitted as a convicted parole violator (CPV) to serve the unexpired portion of his theft sentence.[1] Monroe's administrative appeal was denied by the Board.

Monroe contends on appeal that the Board's order denies him credit for time at liberty on parole ("street time"), which he argues should be applied against the backtime imposed for the CPV recommitment. He maintains that the Board's order extends his maximum sentence, thereby violating his constitutional rights against cruel and unusual punishment,[2] double jeopardy,[3] and offends due process.[4] We disagree.

Section 21.1 of the Parole Act,[5] which provides that parolees convicted of crimes while on parole shall not be given credit for street time, has withstood identical constitutional challenges in both federal and state appellate courts. *See United States ex rel. Lawson v. Cavell*, 425

---

[1] Monroe had two and one-half years remaining on the theft sentence but was given credit for six days of incarceration pending disposition of the criminal charges. His recommitment for the convicted violations amounts to two years, five months, twenty-four days.

[2] U.S. Const. amend. VIII.

[3] U.S. Const. amend. XIV.

[4] *Id.*

[5] Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, *as amended*, P.L. 1401, 61 P.S. §331.21a(a).

F.2d 1350 (3rd Cir. 1970); *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980); *Jezich v. Pennsylvania Board of Probation and Parole*, 109 Pa. Commonwealth Ct. 226, 530 A.2d 1031 (1987). Monroe presents no novel constitutional challenge nor does he distinguish the bulk of authority against him.

The Board argues that Monroe's appeal is wholly frivolous and without merit; therefore, it seeks an assessment of costs and counsel fees against Monroe individually pursuant to Pa. R.A.P. 2744.

This Court has assessed counsel fees in probation and parole appeals deemed to be "wholly frivolous."[6] *Smith v. Pennsylvania Board of Probation and Parole*, 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988). In *Smith*, we noted that "all doubts about the frivolity of a particular appeal should be resolved in favor of the appellant and against the imposition of costs." *Smith* at 223 n.3, 543 A.2d 222 n.3.

The Board, in requesting counsel fees in this case, asks this Court to characterize all future constitutional challenges to the Section 21.1 street time forfeiture provision as wholly frivolous.

Having carefully reviewed relevant case law and considered Monroe's arguments, we conclude that *in this instance*, an award of costs and attorney's fees is warranted. Monroe's constitutional arguments have been repeatedly addressed in this Commonwealth and in the federal courts. Moreover, Monroe's questions regarding

---

[6] We have previously defined a "wholly frivolous" appeal as one that is completely devoid of points which might arguably support an appeal. *Reale v. Pennsylvania Board of Probation and Parole*, 99 Pa. Commonwealth Ct. 16, 512 A.2d 1307 (1986).

the computation of his backtime were answered by the Board in a clarifying letter.[7]

However, we decline to make a blanket determination, as the Board suggests, that future constitutional challenges are wholly frivolous and without merit. To do so would place a chilling effect on related challenges. Furthermore, we will not impose costs on the public defender in this case. In this matter, the Board seeks costs and fees against Monroe only, not the public defender. *See Smith* (this Court, in its discretion, may impose costs against the litigant, witnesses, or counsel).

Therefore, we affirm the Board's order and assess costs to Monroe individually.

## ORDER

The decision of the Pennsylvania Board of Probation and Parole, No. 2135J dated July 2, 1987, is affirmed.

The Board is directed to submit a bill of reasonable costs and fees to this Court within fourteen (14) days.

---

[7] Letter of Board dated 6/15/87, Record, pp. 4-5.