587 A.2d 839

**Odell BRADLEY, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Feb. 20, 1991.

Wayne S. Melnick, Asst. Public Defender, Harrisburg, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Odell Bradley appeals a Pennsylvania Board of Probation and Parole (Board) denial of his request for administrative relief of the Board's parole recommitment decision. We affirm.

Bradley was sentenced to a term of six to twelve years for third degree murder. He was paroled and recommitted to his sentence twice prior to being paroled again on October 26, 1988.

On March 3, 1989, Bradley was arrested and charged with simple assault and terroristic threats. He pled nolo contendere to the charge of terroristic threats, and the simple assault charge was dropped. The Board recommitted Bradley for 24 months of his original sentence, listing as aggravating reasons: presently on parole for murder; early failure on reparole; prior parole failure.

Bradley petitioned for administrative relief from the twenty-four month recommitment, arguing that the stated reasons did not justify a recommitment period twice the maximum presumptive range listed in 37 Pa.Code § 75.2. The Board denied his petition. On appeal to this Court, Bradley contends, as his sole basis for review, that the Board abused its discretion by ignoring substantial mitigating factors when it recommitted him for twice the amount of time set forth as the presumptive range for this offense. This contention is without merit.

█ The Board may deviate from the presumptive range, provided that written justification is given and supported by the evidence. 37 Pa.Code § 75.1(c) Bradley was on parole for third-degree murder and his two prior parole failures resulted in recommitment, with the most recent parole lasting only six months. These factors support the Board's recommitment decision. *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Commonwealth Ct. 38, 483 A.2d 1044 (1984).

Bradley's counsel agrees that his client's claim is without merit. However, counsel argues that because the recommitment exceeds the presumptive range, he did not find the claim to be "wholly frivolous." In his brief to this Court, Bradley's counsel avers that, although we have held challenges to recommitments within the board's presumptive ranges wholly frivolous, no authority has ever held a challenge to a recommitment exceeding those ranges to be frivolous. Therefore, counsel states he cannot withdraw.[1] *Craig v. Pennsvlvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985).

The Board counters that Bradley's appeal is wholly frivolous. Although it cites no authority, the Board argues that a parolee's "prior parole failure is, as a matter of law, a sufficient reason for exceeding the applicable presumptive range." (Board's brief, p. 5). It asks this Court to set out and prospectively apply a standard that all challenges to recommitments, where the Board has cited prior parole failure as an aggravating reason, are wholly frivolous. This we decline to do.

In *Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa.Commonwealth Ct. 511, 522 A.2d 676 (1987), we held that an appeal was wholly frivolous where the petitioner did not challenge the underlying violation, but challenged only the length of backtime within the presumptive range.[2] There we noted that longstanding authority supported this Court's refusal to review the Board's exercise of discretion in imposing backtime within the codified presumptive ranges. In this case, Bradley challenges the imposition of backtime *exceeding* the presumptive range, albeit with aggravating circumstances cited.

1. Pursuant to Pa.R.A.P. 2744, costs and reasonable attorney fees may be assessed against petitioner and counsel for bringing a frivolous appeal.

2. *Lotz v. Pennsylvania Board of Probation and Parole*, 120 Pa. Commonwealth Ct. 538, 548 A.2d 1295 (1988) and; *Amaker v. Pennsylvania Board of Probation and Parole*, 118 Pa. Commonwealth Ct. 63, 544 A.2d 111 (1988).

The Board's own regulations state that the use of presumptive ranges is intended "to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa.Code § 75.1(b). Presently, the Board may exceed the presumptive range on a case-by-case basis, when written justification is given. This procedure allows individual consideration, as required by the regulations, and permits meaningful appellate review of excessive or unsupported recommitments.

Our Supreme Court has affirmed the practice of awarding costs in cases of vexatious appeals so that justice may be expeditiously served by directing our attention to legitimate claims. *Smith v. Pennsylvania Board of Probation and Parole,* 117 Pa.Commonwealth Ct. 220, 543 A.2d 221 (1988) aff'd, 524 Pa. 500, 574 A.2d 558 (1990). We are of the opinion that this practice sufficiently serves that stated goal. To set out a blanket standard that challenges to backtime are wholly frivolous when parole failure is cited as an aggravating reason for exceeding the presumptive range is not necessary to advance this end. It may, however, foster the suppression of legitimate appeals.

Accordingly, we affirm the Board's decision and decline to hold this appeal wholly frivolous.

### ORDER

The decision of the Pennsylvania Board of Probation and Parole, dated January 3, 1990, denying administrative relief in the above captioned matter is affirmed.