# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Wiggins, : 
                     Petitioner : 
                                 : 
        v. :   No. 559 C.D. 2016
                                 :   Submitted: October 7, 2016
Pennsylvania Board of Probation : 
and Parole, : 
                     Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: February 3, 2017**

Petitioner Robert Wiggins (Wiggins) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Wiggins' administrative appeal of the Board's March 9, 2016 order, which formally recommitted Wiggins as a convicted parole violator and recalculated his maximum release date. For the reasons set forth below, we affirm the order of the Board.

Wiggins' conviction and parole history originally resulted in a maximum sentence date of October 2, 2016. Before that date, on February 4, 2015, while Wiggins was on parole, he was charged with possession with the intent to deliver, criminal attempt delivery of a controlled substance, criminal use of communication facility, possession of a controlled substance, and possession of drug paraphernalia. (Certified Record (C.R.) at 23-24.) On

May 7, 2015, Wiggins pled guilty to possession with intent to manufacture or deliver cocaine, and the remaining charges were *nolle prossed*. (*Id.* at 33-34.) The guilty plea specified that charge entailed a maximum penalty of 10 years and/or a $100,000 fine. (*Id.* at 19.) On August 26, 2015, the trial court sentenced Wiggins to 18 to 36 months confinement. (*Id.* at 33-34).

On August 20, 2015, the Board provided Wiggins with notice that it scheduled a parole revocation hearing for September 9, 2015. (*Id.* at 11.) The notice identified the new criminal conviction as being for the offense of felony possession with the intent to deliver. Also on August 20, 2015, Wiggins admitted to the May 7, 2015 conviction for felony possession with the intent to deliver and waived his right to counsel and to the revocation hearing. (*Id.* at 13.) Thereafter, the Board recommitted Wiggins as a convicted parole violator with no credit for his time at liberty on parole. (*Id.* at 39-46). The Board determined that the new conviction fell within the 18 to 24 months presumptive range for backtime, based on the conviction for manufacture, delivery, or possession with intent to manufacture or deliver cocaine, and it imposed 18 months backtime. (*Id.* at 41-42.) The Board recalculated Wiggins' maximum sentence date to September 30, 2018, and determined that Wiggins would be eligible for reparole on March 23, 2017. (*Id.* at 50.)

Wiggins, *pro se*, filed for administrative relief asserting that: (1) he never forfeited any parole liberty; (2) the Board never conducted a hearing; (3) the Board erred in calculating backtime; and (4) the Board does not have the authority to change the maximum date of a judicially-imposed sentence. (*Id.* at 52-57.) On March 9, 2016, the Board denied Wiggins relief. (*Id.* at 59-60.)

2

Wiggins, now represented by counsel, filed a petition for review of the Board's decision. On appeal,[1] Wiggins argues that his due process rights were violated as a result of the Board not holding a revocation hearing. Wiggins challenges his waiver of the revocation hearing on the ground that the waiver form only indicated that he was convicted of felony possession with intent to deliver and did not specify that he was convicted of possession with intent to deliver *cocaine*. Accordingly, Wiggins argues, he could not make a knowing waiver of the hearing, and the signed waiver and admission cannot constitute sufficient evidence of the new conviction. Wiggins also argues that the Board applied the incorrect presumptive range for the May 7, 2015 conviction.

In response, the Board argues that it did not violate Wiggins' due process rights because it relied on his waiver of a revocation hearing and his admission of the new conviction. Specifically, the Board argues that these waiver and admission forms provide the Board with sufficient evidence to recommit a parole violator. In support of this argument, the Board contends that this Court has upheld the Board's reliance on such waiver and admission in prior cases. The Board further argues that given the admission of the May 7, 2015 conviction, the Board properly applied the 18 to 24 months presumptive range to calculate the maximum release date.

First, we reject Wiggins' challenge to the validity of his waiver of a revocation hearing and counsel. Wiggins argues that the hearing and counsel waiver form that he signed provided insufficient specificity of the charge against

---

[1] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

him.  According to Wiggins, by not specifying the drug he was charged with and corresponding presumptive range, the Board precluded him from making a knowing waiver when he signed the waiver form.  This argument lacks merit.  On May 7, 2015—prior to his August 20, 2015 waiver of a revocation hearing—Wiggins pled guilty to the charge of possession with intent to deliver *cocaine*.  The guilty plea also specified that the maximum term of imprisonment was 10 years.[2] Presumptive ranges for convicted parole violators are set forth in the Board's regulations, specifically at 37 Pa. Code § 75.2.  For drug offenses, the range is based upon the maximum term of imprisonment for the offense.  Based on his own guilty plea, Wiggins knew when he signed his waiver form that he was convicted of felony possession with intent to deliver cocaine and that the offense carried a statutory maximum term of imprisonment of 10 years.  Moreover, there is no requirement that the notice or waiver indicate the presumptive recommitment range of backtime associated with a conviction.  Thus, we conclude that Wiggins' August 20, 2015 waiver was knowing, and the Board did not violate his due process rights by failing to conduct a hearing.

Wiggins' argument that the Board erred in determining backtime and recalculating his reparole eligibility date is equally without merit.  Backtime is defined as:  "The unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1. Statutory presumptive recommitment ranges provide the Board with guidelines for determining the amount of backtime to impose.  Here, the 18 months that the

_____

[2] Section 13(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(f)(1.1).

4

Board imposed is within and is even on the low end of the presumptive range. Both this Court and our Supreme Court have ruled that where the amount of backtime does not exceed the presumptive range, courts will not review the Board's imposition of backtime. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990); *Lotz v. Pa. Bd. of Prob. & Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), *aff'd*, 583 A.2d 427 (Pa. 1990). We likewise decline to review the Board's imposition here. Moreover, applying 18 months of backtime to the September 23, 2015 recommitment date yields the proper parole eligibility date of March 23, 2017. The Board, therefore, properly calculated the date for reparole.

Accordingly, we affirm the order of the Board.


                                                     

_____

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Wiggins, : 
             Petitioner : 
            : 
        v. : No. 559 C.D. 2016
            : 
Pennsylvania Board of Probation : 
and Parole, : 
         Respondent : 

## **O R D E R**

AND NOW, this 3rd day of February, 2017, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge