# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Aaron Johnson, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 25 C.D. 2018 |
| | : Submitted: June 8, 2018 |
| Pennsylvania Board of Probation | : |
| and Parole, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  October 12, 2018

Presently before this Court is the application of David Crowley, Esquire, Chief Public Defender for Centre County (Counsel) for leave to withdraw as counsel for Aaron Johnson (Johnson).  Johnson has filed a petition for review of the determination of the Pennsylvania Board of Probation and Parole (Board) revoking his parole and recalculating his parole violation maximum date.  Counsel seeks leave to withdraw on the grounds that Johnson's petition for review is without merit.  For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

## I. Background

Johnson was sentenced to two concurrent terms of incarceration of 3½ to 12 years for carrying a firearm without a license and the manufacture/sale/delivery or possession of a controlled substance with the intent to deliver. Certified Record (C.R.) at 1. Johnson had a minimum sentence date of September 2, 2009, and a maximum sentence date of March 2, 2018. C.R. at 1, 2. On September 19, 2013, Johnson was released on parole. *Id*. at 6. On September 2, 2014, while on parole, Johnson was arrested in Allegheny County on two counts of new firearm charges, one count of defiant trespass, and one count of tampering with evidence. *Id*. at 13-14. The following day, the Board issued a warrant to commit and detain Johnson. *Id*. at 12.

On May 11, 2017, Johnson pled guilty to two counts of unlawful firearm possession, one count of tampering with evidence, one count of resisting arrest, and one count of defiant trespass.[1] C.R. at 64. He was sentenced to a 16-to-32 months' sentence, with a 5-year probationary period. *Id*. at 71. On June 15, 2017, Johnson waived his rights to counsel and preliminary/violation and parole revocation hearings, and admitted that he was convicted of the new charges.[2] C.R. at 73-74. By decision dated July 27, 2017 (mailed August 11, 2017), the Board recommitted

---

[1] Johnson pled guilty to violating 18 Pa. C.S. §6105(A)(1) – Possession of Firearm Prohibited; 18 Pa. C.S. §6106(A)(1) – Firearms Not To Be Carried W/O License; 18 Pa. C.S. §4910(1) – Tamper With/Fabricate Physical Evidence; 18 Pa. C.S. §5104 – Resist Arrest/Other Law Enforcement; 18 Pa. C.S. §3503(B)(1)(II) – Defiant Trespass Posted. C.R. at 71.

[2] The forms signed by Johnson on that date advised him of his right to counsel at a hearing before the Board and his right to appointed counsel if he could not afford counsel of his choice. C.R. at 74.

Johnson as a convicted parole violator to serve 48 months' backtime.[3]  C.R. at 70.  The Board denied Johnson credit for the time he spent at liberty on parole between September 19, 2013, and September 2, 2014, and recalculated his parole violation maximum date to July 11, 2019.  C.R. at 96-99.

In his initial[4] *pro se* administrative appeal and petition for review, Johnson argued that: (1) the Board did not have jurisdiction to alter a judicially-imposed maximum sentencing date; (2) he was wrongfully denied credit for time at liberty on parole because he was not convicted of a violent crime; and (3) the Board erroneously recommitted him to serve 48 months' backtime instead of 24 months.  C.R. at 100.

On December 21, 2017, the Board's appeal panel denied Johnson's request.  *Id*. at 111-13.  Initially, the Board acknowledged the administrative remedies forms and submitted correspondence it received from Johnson.  *Id*.  The

---

[3] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation & Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[4] After filing his petition for administrative review, Johnson submitted other items of correspondence that contained additional legal argument, such as letters to the Board and an additional administrative appeal and petition for review.  C.R. at 70-89.  However, the Board's regulations provide that second or subsequent requests for administrative relief will not be received.  C.R. at 112.  *See* 37 Pa. Code §73.1(a)(4)  ("Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.").  As a result, only his August 23, 2017 initial appeal could be reviewed by the Board.  C.R. at 100.

Board noted that Johnson's June 22, 2016 correspondence, which objected to the Board's detainer lodged against him, could not be accepted as an adequate request for relief because the Board's scope of administrative relief only applies to "parole revocation decisions and the recalculations based on those actions." *Id. See* 37 Pa. Code §73.1. Similarly, the Board explained that Johnson's appeal rights were triggered by the Board's July 27, 2017 decision to revoke his parole, and the Board could not accept his requests for administrative remedies prior to that date. C.R. at 111-13.

The Board noted that a decision on whether to award credit for time at liberty on parole to a convicted parole violator "is purely a matter of discretion." C.R. at 113. This discretionary authority is vested in the Board by Section 6138(a)(2)-(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2)-(2.1), and the Board is under no obligation to afford credit to a convicted parole violator.

The Board explained that the decision to recommit Johnson as a convicted parole violator "gave the Board statutory authority to recalculate [Johnson's] sentence to reflect that [he] received no credit for the period [he was] at liberty on parole." C.R. at 113. *See* Section 6138(a)(2) of the Parole Code, 61 Pa. C.S. §6138(a)(2). The Board further acknowledged that it had "advised [Johnson] of this potential penalty on the parole conditions [that he] signed on September 18, 2013."[5] C.R. at 113. The Board also stated that "the ability to challenge the

---

[5] On September 18, 2013, the day prior to his release on parole, Johnson signed a "Conditions Governing Parole/Reparole" form, which in part stated: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." C.R. at 7.

recalculation decision after it is imposed satisfies [Johnson's] due process rights" so that the "recalculation of [his] maximum sentence date did not violate any constitutional provisions." *Id.* (citing *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979)).

As a result, the Board found no grounds to grant administrative relief and affirmed its July 27, 2017 decision to recommit Johnson as a convicted parole violator and setting his new violation maximum date for July 11, 2019. C.R. at 113. Johnson then filed the instant petition for review and this Court appointed Counsel to represent Johnson in his appeal.

Counsel then applied to this Court and was granted a request for an extension of time to draft an *Anders*[6] brief or *Turner*[7] letter. Thereafter, Counsel filed an application for leave to withdraw as counsel along with a *Turner* letter setting forth his belief that Johnson's appeal is without merit. This matter is now before us for disposition.

## II. Application for Leave to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[8] *Turner*, 544 A.2d at 928; *Hughes v.*

---

[6] *Anders v. California*, 386 U.S. 738 (1967).

[7] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988).
[8] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably

5

*Pennsylvania Board of Probation & Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation & Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw his or her representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, we conclude that Counsel's letter satisfies the technical requirements of *Turner*. Counsel states that he has reviewed the Certified Record and notes of his interview with Johnson. Counsel provided Johnson with a copy of the *Turner* letter and his request for leave to withdraw. Counsel advised Johnson of his right to retain new counsel or proceed by representing himself. Counsel raised any points potentially worthy of consideration with Johnson. As we are satisfied

supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation & Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

6

that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we will conduct an independent review of whether Johnson's petition for review lacks merit.[9]

## III. Independent Review

### A. The Court's Alteration of a Judicially-Imposed Sentence

Johnson first argues that the Board violated his statutory and constitutional rights by altering a judicially-imposed sentence. Johnson's argument rests on his mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date. *See Hughes v. Pennsylvania Board of Probation & Parole*, 179 A.3d 117, 120 (explaining that if a recommitted convicted parole violator is sentenced to new charges, the parolee must serve the balance of the original sentence prior to the commencement of the new term) (citing Section 6138(a)(5)(i) of the Parole Code, 61 Pa. C.S. §6138(a)(5)(i)).

Section 6138(a)(1) of the Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime, may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1).

Section 6138(a)(2) of the Parole Code states:

---

[9] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

> If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), *shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138(a)(2) (emphasis added).

When the Board imposed backtime, it did not impose an additional sentence on Johnson but, rather, directed Johnson to complete the original judicially-mandated sentence. *Hughes,* 179 A.3d at 121; *Epps v. Pennsylvania Board of Probation & Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). *See also Gundy v. Pennsylvania Board of Probation & Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence). Accordingly, Johnson's argument that the Board altered a judicially-imposed sentence is without merit.

## B. Denial of "Street Time"[10] Credit

Johnson claims that the Board erred in denying him "street time" credit because he was convicted of a non-violent offense.[11] Johnson correctly asserts that Section 6138(a)(2.1) of the Parole Code affords the Board discretion to award "street credit" to convicted parole violators, unless such parolees were convicted of violent

---

[10] "Street time" is a term for the period of time a parolee spends while at liberty on parole. *Dorsey v. Pennsylvania Board of Probation & Parole*, 854 A.2d 994, 998 (Pa. Cmwlth. 2004) (citing Wile, Pennsylvania Law of Probation and Parole §16.15 (2003)).

[11] Section 6138(a)(2) of the Parole Code provides that convicted parole violators, once recommitted, should not be given credit for time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2).

8

offenses.[12]  61 Pa. C.S. §6138(a)(2.1)(i).  However, while Section 6138(a)(2.1) allows the Board discretion to grant credit to a non-violent offender, it does not require the Board to grant credit to a non-violent offender.  61 Pa. C.S. §6138(a)(2.1)(i).  Here, the Board exercised that discretion to deny Johnson credit for "street time" while at liberty on parole.

The Board is required, however, to provide a contemporaneous statement explaining its reasoning when it denies a convicted parole violator "street time" credit.  *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d, 466, 475 (Pa. 2017).  While the Board maintains discretion regarding the decision to award credit, a petitioner has the right to appeal.  *Id*. at 474.  Therefore, the reviewing appellate court must be able to "assess the Board's exercise of discretion" in order to adequately protect the petitioner's state and federal constitutional rights.  *Id*.

In its July 27, 2017 recommitment order, the Board stated that in its exercise of discretion it chose not to award Johnson "street time" credit because this was his "[t]hird firearm conviction."[13]  C.R. at 96-97.  While the *Pittman* court

---

[12] The exception also prohibits awarding credit to convicted parole violators who have been recommitted under Section 6143 of the Parole Code and are subject to a federal removal order.  61 Pa. C.S. §6138(a)(2.1)(ii).  Here, only Section 6138(2.1)(i), which relates to violent and non-violent convictions, is relevant.  61 Pa. C.S. §6138(a)(2.1)(i).

[13] We note that the Board's decision to deny "street time" credit based on Johnson's third firearm offense is referenced numerous times throughout the record.  In addition to the Board's recommitment order, the hearing examiner's report states, "3rd F/A Conviction," adjacent to the box checked "No," to explain the basis for the decision and again in the "Additional Information" section writing, "no credit . . . on parole for same offense . . . 3rd firearm conviction."  C.R. at 65, 70.  In its Memo Report, the Board completed a form that states, "[p]ursuant to the Pennsylvania Supreme Court's decision in *Pittman* . . . ," prompting the Board to provide its reasoning, which reads, "[t]hird [f]irearm [c]onviction."  C.R. at 110.  Lastly, in the Board's December 21, 2017, administrative appeal denial letter, it stated:

9

mandated the requirement that the Board make a contemporaneous statement articulating its reason for denying "street time" credit, it did not provide specifications regarding the format of such statements. Although "simply checking 'No' on a standard hearing report form" fails to comport with the basic notions of due process, the Court stated that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 474-75.

We recently determined in *Smoak v. Talaber*, ____ A.3d ____ (Pa. Cmwlth., No. 112 C.D. 2018, filed September 11, 2018), slip op. at 3, that the Board's statement "UNRESOLVED DRUG AND ALCOHOL ISSUES" was "not a full sentence," fails to "identify the incidents that create[d] these 'issues,'" and was "just barely sufficient." However, this Court found it still satisfied the requirements of *Pittman*. *Id.* Here, the Board satisfied *Pittman* by providing a contemporaneous statement in its July 27, 2017 order, explaining that Johnson's "street time" credit was denied because of his third firearm conviction. *Pittman*, 159 A.3d at 475.

### C. The Imposition of 48 Months' Backtime

Johnson further argues that the Board erred in imposing 48 months' backtime rather than 24 months. Pursuant to Section 75.1(a) of the Board's regulations, the Board is authorized to apply the aggregate presumptive ranges of each conviction when the Board orders recommitment of a convicted parole violator

> A new board decision on December 18, 2017 reaffirmed the [B]oard action of 07/27/2017 regarding the reason the Board did not award credit for time spent at liberty on parole. *In this case the reasoning provided was that this was your third firearm conviction.*

C.R. at 112. (emphasis added).

10

after holding a revocation hearing. 37 Pa. Code §75.1. The presumptive backtime range for felonies such as those committed by Johnson is 18 to 66 months. 37 Pa. Code §75.2. Johnson mistakenly asserts that the appropriate presumptive range for a firearm conviction is 24 months. C.R. at 100. However, this was Johnson's third firearm conviction, and he was also convicted of other charges, including tampering with evidence, resisting arrest, and defiant trespass. C.R. at 71. The aggregate range for Johnson's 5 convictions is 18 to 66 months, and therefore the Board's imposition of 48 months' backtime was proper.

Moreover, "[t]his court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations. *Chapman v. Pennsylvania Board of Probation. & Parole*, [484 A.2d 413 (Pa. Cmwlth. 1984)]." *Lotz v. Pennsylvania Board of Probation & Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988). Further, "[o]ur Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pennsylvania Board of Probation & Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pennsylvania Board of Probation & Parole*, 574 A.2d 558, 560 (Pa. 1990)). Accordingly, Johnson's claim that the Board erred in imposing 48 months' backtime is meritless.

### D. Recalculation of the Maximum Violation Date

Lastly, Johnson claims that the Board incorrectly recalculated his maximum violation date. As a convicted parole violator, Johnson may only be

entitled to credit for any time spent in pre-sentence confinement.[14] Johnson argues that all of his pre-sentence confinement time should apply to his original sentence.[15]

It is well-settled that when a parole offender is incarcerated solely on the Board's detainer, any time spent in pre-sentence confinement may only be credited to the original sentence. *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299, 307 (Pa. 2003) (citing *Davis v. Cuyler*, 394 A.2d 647, 649 (Pa. Cmwlth. 1978)). Conversely, when a parole offender remains incarcerated for failure to satisfy bail requirements on new criminal charges, any pre-sentence confinement time must be credited against the new sentence. *Hall v. Pennsylvania Board of Probation & Parole*, 733 A.2d 19 (Pa. Cmwlth. 1999) (citing *Gaito v. Pennsylvania Board of Probation & Parole*, 412 A.2d 568 (Pa. 1980)).

From September 3, 2014, when Johnson was first detained on the Board's warrant, until December 15, 2014, when bail was set, Johnson was held solely on the Board's detainer. C.R. at 12, 47, 98. This period of 103 days was properly credited against his original sentence. C.R. at 98. On December 15, 2014, unable to post his $25,000 bail, Johnson remained detained until March 9, 2015, when his bail was modified to release on his own recognizance. C.R. at 82. This

---

[14] Although parolees do not possess a constitutional right to pre-sentence confinement credit, states have enacted statutes in order to protect an indigent offender from serving more time than an identically situated offender, simply because the indigent offender is unable to post bail. *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299, 304 (Pa. 2003). Section 9760(1) of the Sentencing Code (Sentencing Code) provides that pre-sentence confinement time shall be credited against an offender's minimum and maximum sentence dates. 42 Pa. C.S. §9760(1). Under Section 9760(1) of the Sentencing Code, credit is afforded to indigent offenders for the time spent "in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." *Id.*

[15] In his petition for review, Johnson argues that the Board miscalculated his new maximum sentence date by "failing to credit his original sentence with all the confinement time to which he was entitled. . . ." Petition for Review, ¶2.

period was properly applied to Johnson's new sentence because Johnson was also confined on his inability to post bail. C.R. at 87. From March 9, 2015, until his sentence was imposed on May 11, 2017, Johnson again remained detained solely on the Board's detainer, which was correctly credited against his original sentence. C.R. at 98.

Johnson's new violation maximum date is calculated by first determining the time remaining on his original sentence. 61 Pa. C.S. §6138(a)(2). When Johnson was paroled on September 19, 2013, he had 1,625 days remaining on his original sentence until March 2, 2018. By crediting Johnson's time spent in pre-sentence confinement against the time remaining on his original sentence, Johnson had 728 days remaining on his original sentence. C.R. at 98. In *Palmer v. Pennsylvania Board of Probation & Parole,* 134 A.3d 160, 166 (Pa. Cmwlth. 2016), we held that "a parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a [convicted parole violator]." Adding 728 days to Johnson's recommitment date yields a new violation maximum date of July 11, 2019. C.R. at 98. The Board properly calculated Johnson's maximum date.

## IV. Conclusion

Upon review, we agree with Counsel that Johnson's claims regarding the dismissal of his petition for administrative review are without merit.

13

Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the order of the Board dismissing Johnson's petition.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron Johnson,           :
                           :
           Petitioner   :
                           :
           v.           :  No. 25 C.D. 2018
                           :
Pennsylvania Board of Probation   :
and Parole,             :
                           :
          Respondent :

## O R D E R

AND NOW, this 12th day of October, 2018, David Crowley, Esquire's application for leave to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated December 21, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge