**Richard GREEN, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 4, 1995.

Decided Aug. 29, 1995.

---

**4.** The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 835.

Ira Houch, Public Defender, Shelley Stark, Chief–Appellate Division, and Mitchell A. Kauffman, Appellate Counsel, for petitioner.

Robert A. Greevy, Chief Counsel, for respondent.

Before COLINS, President Judge, McGINLEY, J., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Richard Green (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his administrative appeal from the order recommitting him as a convicted parole violator to serve a total of 120–month backtime. The sole issue presented for review is whether the Board's written justification for deviating from the presumptive range of recommitment is supported by substantial evidence.

On February 8, 1982, Petitioner was sentenced to a term of seven years, six months to twenty years for third degree murder. He was paroled one month after his minimum release date. On July 13, 1994, Petitioner pled guilty to charges of corruption of minors (M–1), indecent assault (M–2) and endangering welfare of children (M–1). He was sentenced to serve consecutive terms of imprisonment of 2–4 years and 1–2 years.

At the revocation hearing, the examiner concluded that these convictions were established in a court of record. On December 12, 1994, the Board recommitted Petitioner to serve 120–month backtime as a convicted parole violator.[1] On January 17, 1995 Petitioner requested administrative relief which was denied by the Board. Petitioner's appeal to this Court followed.

Our scope of review in this case is limited to a determination of whether the Board's decision is supported by substantial evidence, whether an error of law has been committed or whether the parolee's constitutional rights have been violated. *Holland v. Pennsylvania Board of Probation & Parole,*

1. Corruption of Minors carries a presumptive range of 18–24 months; Indecent Assault carries a range of 12–18 months (30–42 months aggregated); Endangering Welfare of Children has no suggested range. 37 Pa.Code § 75.2.

163 Pa.Commonwealth Ct. 258, 640 A.2d 1386 (1994).

■ "The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa.Code § 75.1(b). The Board may deviate from the presumptive range provided written justification is given. 37 Pa. Code § 75.1(c). Justification based on aggravating circumstances must be supported by substantial evidence. *Ward v. Pennsylvania Board of Probation & Parole,* 114 Pa.Commonwealth Ct. 255, 538 A.2d 971 (1988).

■ This Court will only interfere with the Board's exercise of administrative discretion where it has been abused or exercised in an arbitrary or capricious manner. *Bradshaw v. Pennsylvania Board of Probation & Parole,* 75 Pa.Commonwealth Ct. 90, 461 A.2d 342 (1983).

■ In this case, the Board's decision to deviate from the presumptive range of Petitioner's convictions was based on the following written justification: "On parole for murder. Conviction for sexually assaulting a young child. Client is an extreme danger to the community and his conduct is abhorrent." (Certified Record, p. 48).

Petitioner's contention that the Board's written justification for deviating from the presumptive ranges was that he is an extreme danger to the community, which is a mere conclusory statement and without substantial support in the record is without merit.

■ More specifically, Petitioner asserts that his original conviction for third degree murder is no indication of any violent tendency. To support this argument he states that third degree murder "is different in nature from a first-degree conviction" because "[t]here was no premeditation, there may have been provocation." (Petitioner's Brief, p. 10). However, provocation relates to manslaughter not murder. Legal malice [2] is the essential element of third-degree murder. *Commonwealth v. Scales,* 437 Pa.Superior Ct. 14, 648 A.2d 1205 (1994).

Further, petitioner's statement that he has "lived a law abiding existence" from his original conviction for murder "until his arrest on the present charges." (Petitioner's Brief, p. 9) is not supported by the record. He was arrested for a retail theft on February 3, 1990.[3] Petitioner's most recent convictions concern indecent assault, corruption of minors and endangering the welfare of a ten year old child for whom he was baby sitting[4]. These acts are reflected in the record and provide ample support for the Board's reasoning that Petitioner is a danger to society.

The Board in recommitting Petitioner deviated from the applicable presumptive range but provided sufficient written justification[5]. This justification was supported by substantial evidence of aggravating circumstances. Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 29th day of August, 1995, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

2. Malice is defined as: "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty." *Commonwealth v. Martin,* 433 Pa.Superior Ct. 280, 640 A.2d 921 (1994).

3. Petitioner attributes this incident to intoxication (which is a violation of his first parole) (Certified Record, p. 7).

4. Petitioner also attributes this incident to alcohol (Certified Record, p. 26).

5. *See also Bradley v. Pennsylvania Board of Probation & Parole,* 138 Pa.Commonwealth Ct. 108, 587 A.2d 839 (1991) (two prior parole failures while on parole for third degree murder supported Board's decision to recommit for a period twice the maximum presumptive range).