Harvey **DUNCAN**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1996.
Decided Dec. 23, 1996.
Reargument Denied Feb. 11, 1997.

David Crowley, Chief Public Defender, Bellefonte, for petitioner, and Harvey Duncan, pro se, petitioner.

No appearance entered for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Harvey Duncan (Duncan) petitions for review of the November 14, 1995 decision of the Pennsylvania Board of Probation and Parole (Board), denying a request for administrative relief in which Duncan asserted 1) that he was illegally induced to admit a technical violation, 2) that the Board's finding of aggravating circumstances was not supported by the record, and 3) that his counsel before the hearing examiner failed to represent him effectively. Considered with the merits of this appeal is the petition of Duncan's appointed counsel to withdraw as counsel.

Duncan was paroled in November 1994 after serving 7 years of his 14–year maximum term for third-degree murder. As a condition of his parole, Duncan agreed to refrain from possession or use of drugs and to submit to urinalysis testing. Duncan tested positive for cocaine and/or THC on five occasions between December 1994 and March 1995 that resulted in administrative

conferences with Duncan and home monitoring in attempts to get Duncan to comply with the terms of his parole without charging him with a technical violation. When Duncan again tested positive on March 28, 1995, he was arrested and charged with a technical parole violation.

At the revocation hearing, where he was represented by private counsel, Duncan admitted the violation. Duncan did not object to the parole officer's testimony that he tested positive for drug use five times prior to his arrest. Duncan offered as mitigating factors his job, his responsibility for his mother's care, and his attempt to attend counseling.

The Board recommitted Duncan to serve 48 months for the technical violation, citing aggravating reasons: "On parole for murder III. Unable to comply with parole conditions from very early part of your parole period makes you a danger to community." (Board Decision dated November 14, 1995.) The Board denied Duncan's request for administrative relief, stating,

> If the Board imposes backtime in excess of the maximum presumptive range for a given violation, it must justify the increased backtime by listing the aggravating factors upon which it based its decision and these aggravating factors must be supported by substantial evidence contained in the record. 37 Pa.Code § 75.3. In Mr[sic] Duncan's case, the Board listed as aggravating reasons: "ON PAROLE FOR MURDER III. UNABLE TO COMPLY WITH PAROLE CONDITIONS FROM VERY EARLY PART OF YOUR PAROLE PERIOD MAKES YOU A DANGER TO COMMUNITY."

(Board Decision Letter, dated February 28, 1996.)

■ This Court will interfere with the Board's decision only where the Board has abused its discretion or acted in an arbitrary or capricious manner. *Bradshaw v. Pennsylvania Board of Probation and Parole*, 75 Pa.Cmwlth. 90, 461 A.2d 342 (1983). In assessing backtime, the Board may deviate from the presumptive range, but it must

provide sufficient written justification for the deviation. 37 Pa.Code § 75.3(c).

In our recent decision in *Green v. Pennsylvania Board of Probation and Parole*, 664 A.2d 677 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 544 Pa. 616, 674 A.2d 1077 (1996), we addressed a prisoner's claim that the Board's written justification for deviation from the presumptive range was nothing more than a conclusory statement not supported by evidence of record. In *Green* the Board cited as aggravating reasons, " 'On parole for murder. Conviction for sexually assaulting a young child. Client is an extreme danger to the community and his conduct is abhorrent.' " *Id.* at 679. Noting that the prisoner's most recent convictions concerned indecent assault, corruption of minors, and endangering the welfare of a minor in his care, we concluded, "These acts are reflected in the record and provide ample support for the Board's reasoning that Petitioner is a danger to society." *Id.*

 In this case, nothing in the record supports the Board's conclusion that Duncan is a danger to society. Duncan was charged with a single violation of parole condition 5(a). A single technical violation of condition 5(a) carries a presumptive range of 5 to 12 months recommitment; for multiple violations, the range is 6 to 18 months. 37 Pa. Code § 75.4. Duncan's drug use alone does not justify deviation from the presumptive range.

The record contains no evidence that Duncan engaged in any violent behavior during his parole. The fact that Duncan's underlying conviction was for third-degree murder does not make him any more a threat to society than when he was first paroled. Furthermore, at the time he was detained for testing positive for drug use, Duncan was in a home monitoring program from 8:00 p.m. to 6:00 a.m. and he worked 40 hours a week.

Finally, we deny the petition of Duncan's appointed counsel to withdraw as counsel. Although counsel has filed the required "no-merit" letter detailing the nature and extent of his review and explaining why Duncan's issues lack merit, we are "required to conduct [our] own review of the petition to withdraw and must concur in counsel's assessment before [we] may grant counsel leave to withdraw." *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa.Cmwlth.1996). As our decision indicates, Duncan's appeal was not frivolous.

Accordingly, the Board's order is vacated, and the case is remanded for the Board to reverse the backtime imposed in excess of the presumptive range for the technical violation.

### *ORDER*

AND NOW, this 23rd day of December, 1996, the order of the Pennsylvania Board of Probation and Parole, dated November 14, 1995, Parole No. 1053V, is vacated, and this matter is remanded to the Board to reverse the backtime imposed in excess of the presumptive range for the technical violation.

Jurisdiction relinquished.