IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Brewster,                          :
                    Petitioner             :
                                            :
          v.                                :
                                            :
Pennsylvania Board of Probation             :
and Parole,                                 :    No. 2372 C.D. 2014
                    Respondent             :    Submitted: July 24, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                          FILED:  August 25, 2015

          David L. Brewster (Brewster) petitions for review from a final
determination of the Pennsylvania Board of Probation and Parole (Board) that
recommitted him to serve eighteen months backtime as a convicted parole violator
and established his maximum date as November 7, 2017.[1]


          On August 31, 1998, Brewster was effectively sentenced to a term of
three to ten years for robbery.  He was concurrently sentenced to a term of three to
ten years for criminal conspiracy.

---

[1]      This Court's review is limited to determining whether the Board's findings are
supported by substantial evidence, are in accordance with the law, and whether constitutional
rights have been violated.  Krantz v. Pennsylvania Board of Probation and Parole, 483 A.2d 1044
(Pa. Cmwlth. 1984).  This Court will interfere with the Board's exercise of administrative
discretion only where it has been abused or exercised in an arbitrary or capricious manner.
Green v. Pennsylvania Board of Probation and Parole, 664 A.2d 677 (Pa. Cmwlth. 1995).

Brewster was released on parole to a community corrections program on September 30, 2002. On April 11, 2003, the Board declared Brewster delinquent effective April 2, 2003. In a decision recorded on September 2, 2003, and mailed September 15, 2003, the Board recommitted Brewster to serve twelve months backtime as a technical parole violator for failure to report as instructed, the use of drugs, and failure to comply with curfew restrictions. The Board established Brewster's maximum date as November 11, 2008. On September 13, 2004, Brewster was released on parole to a community corrections center. On October 1, 2004, the Board declared Brewster delinquent effective September 29, 2004. In a decision recorded on September 8, 2006, and mailed October 12, 2006, the Board recommitted Brewster to serve twelve months backtime as a technical parole violator for leaving the district without permission, changing his residence without permission, and failing to successfully complete the Liberty Management Program. The Board established Brewster's maximum date as August 20, 2010. On November 1, 2007, Brewster was released on parole.

The City of Philadelphia Police Department arrested Brewster on April 24, 2009, and charged him with possession with intent to manufacture or deliver drugs, aggravated assault, possession of a controlled substance, simple assault, possession of an instrument of crime, recklessly endangering another person, and resisting arrest. On June 1, 2009, the Board entered an order to detain Brewster pending the disposition of criminal charges. On August 25, 2010, the Board declared Brewster delinquent for control purposes effective April 24, 2009.

On May 14, 2013, following Brewster's guilty plea, the Court of Common Pleas of Philadelphia County convicted Brewster of possession with intent to deliver and sentenced him to serve eleven months fifteen days to twenty-three months with immediate parole followed by three years' probation. On July 11, 2013, the Board issued a warrant to commit and detain Brewster for violation of parole. The Board arrested him on that date at the Philadelphia County Adult Probation and Parole Office.

On July 19, 2013, Brewster waived his right to a revocation hearing and admitted to the conviction. In a decision recorded on September 3, 2013,[2] the Board recommitted Brewster to serve eighteen months backtime as a convicted parole violator and established his maximum date as October 28, 2017.

On September 30, 2013, Brewster requested administrative remedies and alleged that the Board lacked authority to change his maximum date, and that the Board forced him to enter into an illegal contract with it when he was granted parole because "any written agreement that compelled him to serve additional imprisonment that is in excess of the judicially–imposed maximum term constitutes an illegal contract for attempting to enforce a condition that is against the law." Request for Administrative Remedies, September 30, 2013, at 4; Certified Record (C.R.) at 90.

In a decision recorded and mailed May 7, 2014, the Board modified Brewster's maximum date to November 7, 2017, due to a "technician error."

---

[2] The Board neglected to state the date that the decision was mailed.

3

Board Decision, May 7, 2014, at 1; C.R. at 96. In a decision mailed May 16, 2014, the Board dismissed as moot Brewster's request for administrative remedies because he objected to the original maximum sentence date which had been changed in the May 7, 2014, decision.

On June 8, 2014, the Board received a new Request for Administrative Remedies from Brewster. In the request Brewster alleged that it was unconstitutional for the Board to extend a maximum date beyond the original court ordered maximum sentence date and appears to argue that the Board lacked the authority to impose backtime for a convicted parole violator. Brewster also alleged that he attempted to rescind his waiver of his revocation hearing and that he was entitled to ten days credit from August 20, 2010, to August 30, 2010.

The Board affirmed the May 7, 2014, decision:

> The Board paroled you from a state correctional institution on November 1, 2007 with a max sentence date of August 20, 2010. This means you had a total of 1023 days remaining on your sentence at the time of parole. In light of your recommitment as a convicted parole violator, the Board was authorized to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. . . . This includes any prior time that you were on parole. . . . In this case, you were previously on parole from September 30, 2002 to June 12, 2003 and from September 13, 2004 to July 8, 2006. Adding the 918 days of prior parole liberty forfeited means you still had 1941 days remaining on your sentence based on your recommitment.
>
> On April 24, 2009, authorities detained you for new criminal offenses that were docketed in the Court of Common Pleas of Philadelphia County at CP # 6197-

4

2009. On April 27, 2009, the Board lodged its detainer against you. The Board lifted its detainer against you on August 20, 2010, the date of your original maximum date. The court granted you unsecured bail on December 10, 2010. On May 14, 2013, you pled guilty to the new criminal charges, and the court sentenced you to a new term of imprisonment to be served in the Philadelphia County Prison that same date. You were subsequently paroled from your county prison sentence by court order effective May 14, 2013. As you were released on that date, the Board once again lodged its detainer against you on July 11, 2013.

Based on these facts, the Board gave you 361 days credit for the period you were incarcerated from August 24, 2009 to August 20, 2010 because you were returned to the state correctional institution and incarcerated solely on the Board detainer for that period. . . . Subtracting the credit the Board gave you from the time you had remaining left 1580 days remaining on your sentence.

The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a county prison must serve the new sentence first. . . . Thus, you could not become available to commence service of your original sentence until you were released from your new sentence. While you were paroled on your county sentence on May 14, 2013, you were not detained by the Board again until July 11, 2013. Adding 1580 days to that date yields a new maximum sentence date of November 7, 2017.

To the extent that you are challenging the timeliness of your hearing, the Board regulation authorizing administrative relief states that second or subsequent administrative appeals/petitions for administrative review will not be received. . . . You already submitted a request for administrative relief from the September 3, 2013 decision in question, which was received on September 30, 2013. The Board mailed a response to that request on May 16, 2014. Therefore the Board cannot accept your

request for relief because it is second or subsequent. (Citations omitted).

Board Decision, December 4, 2014, at 1-2; C.R. at 132-133.

Brewster contends that the Board erred when it violated his right to procedural due process when it did not provide him with a hearing within 120 days after he asserted a right to a hearing. Brewster further contends that the Board erred when it extended his maximum date "in ways never contemplated by the sentencing court." Brewster's Brief at 2. Brewster also raises the following two issues:

> C. Was the enforcement of the forfeiture provision a violation of Brewster's notice right under the Due Process Clause?
>
> D. Does the Court's deference of the Board's interpretation of the forfeiture provision give it authority to belie [sic] established precedent and grossly distort legislative intent to abuse its discretion to revoke Technical Parole Violator's time credit under the condemned provision?

Brewster's Brief at 2.

Initially, Brewster contends that the Board violated his substantive right to procedural due process when it failed to conduct a revocation hearing within 120 days following Brewster's return to state custody.

The Board argues that Brewster waived his untimeliness claim because he failed to raise it in his initial request for administrative remedies to the Board.

6

This Court has long held that an issue not raised before the Board in an administrative appeal shall not be raised for the first time before this Court. McCaskill v. Pennsylvania Board of Probation and Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993). Further, the Board's Special Rules of Administrative Practice and Procedure, 37 Pa. Code §73.1, provides in pertinent part:

> (a) Appeals
>
> (1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. . . .
> . . . .
> (3) The failure of an appeal to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the appeal.
>
> (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.

Here, the Board received Brewster's waiver of the right to a revocation hearing on July 19, 2013. As a result, the Board recommitted Brewster as a convicted parole violator without a hearing. When Brewster timely requested administrative remedies, he did not raise the issue of the denial of his request for a hearing. The Board subsequently issued a new decision which only changed Brewster's maximum date. At that time, the Board did not change anything else with respect to the recommitment as a convicted parole violator. When Brewster

again petitioned for administrative remedies, he raised not only issues related to his maximum date but also issues related to the timeliness of the hearing and his right to it.

Brewster did not raise this timeliness issue when he had the opportunity to do so. His subsequent request for administrative remedies was his first appeal as to the new maximum date but was a second appeal from the revocation decision. The Board does not consider second or subsequent appeals. 37 Pa. Code §73.1(a)(4). As a result, Brewster failed to properly raise this issue. This Court agrees with the Board that it is waived.

Brewster next contends that the Board erred when it extended the duration of his sentence in ways never contemplated by the sentencing court. Brewster asserts that he has a right to serve his sentence continuously unless he is convicted of escape. Because Brewster was not charged with escape, tried for escape, or convicted of escape, he argues that he may not be confined under the Board's custody after his original maximum date.

Section 6138 of the Prisons and Parole Code (Code), 61 Pa.C.S. §6138, provides:

> **(a) Convicted violators.—**
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time

8

thereafter in a court of record may, at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve, and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

In Richards v. Pennsylvania Board of Probation and Parole, 20 A.3d 596, 599 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 29 A.3d 374 (Pa. 2011), this Court explained the ramifications of Section 6138(a) of the Code, 61 Pa.C.S. §6138(a), when it stated, "[c]onsequently when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing."

Clearly, the Board possessed the statutory authority to recommit Brewster as a convicted parole violator and to recalculate his maximum date.

Brewster next contends that his constitutional right to due process was violated when the Board recommitted him in excess of his original maximum term. Brewster appears to argue that he has a constitutionally protected liberty interest in his minimum sentence. As Brewster already served his minimum sentence years ago, it is unclear exactly the nature of his argument. Once again, the Board's action recommitting him and extending his maximum date conformed to the Code.

Finally, Brewster essentially contends that he should not lose credit for time spent on parole prior to his technical parole violation because he subsequently was a convicted parole violator.

9

In Armbruster v. Pennsylvania Board of Probation and Parole, 919 A.2d 348, 351 (Pa. Cmwlth. 2011), this Court addressed this precise issue and held:

> [T]ime spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted paroled violator. . . . Thus, upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator. . . . (Citations omitted.)

Although Brewster argues against this procedure and alleges that it is unconstitutional, it is well-settled law in Pennsylvania.

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Brewster,          :
           Petitioner     :
                          :
         v.              :
                          :
Pennsylvania Board of Probation  :
and Parole,             :    No. 2372 C.D. 2014
           Respondent   :

## O R D E R

AND NOW, this 25th day of August, 2015, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge