# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Aaron Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1703 C.D. 2015 |
| | : | Submitted: February 10, 2017 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: May 24, 2017**

Petitioner Aaron Smith (Smith) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Smith's request for administrative relief (administrative appeal) from the Board's June 18, 2015 order, which recommitted Smith to serve 18 months backtime for new criminal convictions. Smith's appointed counsel, James L. Best, Esquire (Counsel), however, filed a motion to withdraw as counsel. Counsel asserts, as expressed in his "no merit" letter, that the issues Smith raises in his petition for review are without merit. We grant Counsel's motion to withdraw and affirm the Board's order.

We summarized the factual background relevant to the instant appeal in our prior decision:

> Smith had been incarcerated at a State Correctional Institution when he was released on parole on

December 18, 2012. (Certified Record (C.R.) at 31.) On December 27, 2013, Smith was arrested and charged with Possession with Intent to Deliver (a felony) and Intentional Possession of a Controlled Substance by Person Not Registered (a misdemeanor). (C.R. 32-39.) Smith was convicted of those same charges on December 15, 2014, and was sentenced to a term of 1 year and 6 months to 3 years on April 30, 2015. (C.R. 51-63.) The Board conducted a hearing on April 9, 2015, and determined that Smith was a convicted parole violator. (C.R. 68-75.) By decision mailed June 18, 2015, the Board forfeited Smith's street time and recommitted him as a convicted parole violator to serve 18 months backtime. (C.R. 95.) By that same order, the Board recalculated Smith's maximum sentence date from December 18, 2015, to February 17, 2017, reflecting the 1,095 days remaining on Smith's sentence when he was paroled minus the 436 days of credit for the period he was incarcerated from February 18, 2014, to April 30, 2015, while awaiting sentencing on his new charges. (C.R. 93.)

*Smith v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No 1703 C.D. 2014, filed September 16, 2016) (Brobson, J.) (*Smith I*), slip op. at 1-2.

Smith filed an administrative appeal, challenging the Board's forfeiture of the time he was at liberty while on parole—*i.e.*, his "street time." Smith objected to the Board's recalculation of his maximum sentence date and argued that the Board's forfeiture of his street time was unconstitutional because the Board does not have the power to alter a judicially imposed sentence. The Board rejected Smith's administrative appeal, reasoning that Smith forfeited his street time under Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2).

Previously, Counsel filed a motion for leave to withdraw, which we denied. *Smith I*, slip op. at 5. Nevertheless, we provided him with an opportunity to submit an amended motion after supplying his client with an amended no-merit

letter. We explained that in order for Counsel to comply with the requirements set forth in *Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009), Counsel must fully discuss the issues raised by Smith and why the applicable law does not provide relief. *Id.*, slip op. at 5. In the original no-merit letter, Counsel did not address Petitioner's assertion that he was so confined during his time on parole that he was not truly at liberty. We now address the sufficiency of the amended no-merit letter and assess the merits of Smith's appeal.

In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless.[1] *Zerby*, 964 A.2d at 956. Consequently, before considering whether the matter has no merit and proceeding to make an independent review of the merits of the case, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. Counsel's no merit letter includes a fair summary of Smith's conviction and parole history, thus reflecting an adequate review of the record. Counsel has also sufficiently summarized the issues Smith has raised in his petition for review and provided some legal analysis of the reasons why the issues have no merit. We, therefore,

---

[1] As we discussed in *Smith I*, Counsel's original no-merit letter complied with the procedural requirements set forth in *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28 (Pa. Cmwlth. 2006), and Counsel's amended no-merit letter complies with *Reavis* for the reasons set forth in *Smith I*. *See Smith I*, slip op. at 5. Those requirements include: (1) notifying the parolee that he has submitted to the Court a request to withdraw; (2) providing the parolee with a copy of counsel's no merit letter; and (3) advising the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious. *Reavis*, 909 A.2d at 33.

will proceed to consider the question of whether counsel is correct in asserting that the issues Smith has raised are without merit.

On appeal,[2] Smith again contests the Board's determination that Smith forfeited his street time and extended his maximum sentence date. Smith argues that the decision by the Board altered a judicially imposed sentence and intruded on the authority of the judicial branch. Smith also argues that the imposition of 18 months backtime is excessive because the new conviction he received after his December 18, 2012 release on parole falls within the presumptive range of recommitment of 6 to 12 months, rather than 18 months. He additionally argues that he was confined while on parole because he was confined to his home and subjected to searches by his parole "agent." Finally, Smith asks this Court to change his maximum sentence date back to December 18, 2015, and award him money damages.

We agree with Counsel that Smith's claims have no merit. It is well-settled that while the Board is not permitted to alter a judicially imposed sentence, it may require that a parolee serve the remaining balance of his unexpired term. *Savage v. Pa. Bd. of Prob. and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000), *as amended* (Mar. 12, 2001). Here, rather than extend a judicially imposed sentence, the Board merely determined that Smith owed 18 months of backtime. Backtime is defined as: "The unserved part of a prison sentence which

---

[2] Our review is limited to determining whether the Board's findings are supported by substantial evidence, are in accordance with the law, and whether constitutional rights have been violated. *Krantz v. Pa. Bd. of Prob. and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984). This Court will only interfere with the Board's exercise of administrative discretion where it has been abused or exercised in an arbitrary or capricious manner." *Green v. Pa. Bd. of Prob. and Parole*, 664 A.2d 677, 679 (Pa. Cmwlth. 1995), *appeal denied*, 674 A.2d 1077 (Pa. 1996).

4

a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1. Statutory presumptive recommitment ranges provide the Board with guidelines for determining the amount of backtime to impose. Here, the 18 months that the Board imposed—for the Possession with Intent to Deliver, a drug felony that is punishable for up to ten years—is within and is even on the low end of the presumptive range. Both this Court and our Supreme Court have ruled that where the amount of backtime does not exceed the presumptive range, courts will not review the Board's imposition of backtime. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990); *Lotz v. Pa. Bd. of Prob. & Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), *aff'd*, 583 A.2d 427 (Pa. 1990). We likewise decline to review the Board's imposition here.

Smith's argument that he was not truly at liberty while on parole because he was subjected to searches and confined to his home likewise lacks merit. Section 6138(a)(2) of the Code, provides, in pertinent part:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time *at liberty on parole*.

(Emphasis added.)[3] Our Supreme Court has clarified that "at liberty" does not mean freedom from each and every type of confinement. *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680, 683 (1985). If a parolee is recommitted, he must serve

---

[3] Previously the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, formerly 61 P.S. §§ 331.1-331.34a, *repealed by* Section 11(b) of the Act of August 11, 2009, P.L. 147. The Parole Act has been consolidated and is currently found at Sections 6101 to 6153 of the Prisons and Parole Code, 61 Pa. C.S. §§ 6101-6153.

the remainder of his term of imprisonment he would have had to serve had he not been paroled and does not receive credit for time spent "at liberty on parole."

Here, Smith's argument that he was not at liberty on parole is unpersuasive. Being subjected to searches and unsupported allegations of being confined to his home do not rise to the level of confinement. Section 6153 of the Code provides that all parolees may have to submit to searches by their parole agents.[4] Smith cites to no authority in support of the proposition that being subject to searches—something every other parolee also faces under Section 6153—is sufficiently restrictive so as to be equivalent to incarceration. Moreover, there is nothing within the "Conditions Governing Parole/Reparole," which restricted Smith to confinement within his home. (C.R. 28-30.) Smith's claim that he was not at liberty during the time he was out on parole lacks merit.

---

[4] Section 6153 of the Parole Code provides:

**(a) General rule.**--Agents are in a supervisory relationship with their offenders. The purpose of this supervision is to assist the offenders in their rehabilitation and reassimilation into the community and to protect the public. Supervision practices shall reflect the balance of enforcement of the conditions of parole and case management techniques to maximize successful parole completion through effective reentry to society.

**(b) Searches and seizures authorized.**--
  (1) Agents may search the person and property of offenders in accordance with the provisions of this section.
  (2) Nothing in this section shall be construed to permit searches or seizures in violation of the Constitution of the United States or section 8 of Article I of the Constitution of Pennsylvania.

Accordingly, we will grant Counsel's motion to withdraw. Moreover, because we have concluded that Smith's petition for review lacks merit, we affirm the order of the Board, denying his administrative appeal.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Aaron Smith, :
               Petitioner :
                              :
           v. : No. 1703 C.D. 2015
                              :
Pennsylvania Board of Probation :
and Parole, :
              Respondent :

# **O R D E R**

AND NOW, this 24th day of May, 2017, the motion to withdraw as counsel filed by James L. Best, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole (Board) is AFFIRMED.

—————————————————————
P. KEVIN BROBSON, Judge