IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oliver Collins, : 
                Petitioner : 
 : 
    v. : No. 1316 C.D. 2024
 : 
Pennsylvania Parole Board, : Submitted: December 8, 2025
             Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: January 20, 2026

       Oliver Collins (Petitioner) petitions for review of the Pennsylvania Parole Board's (Board) order mailed September 9, 2024, which denied his May 10, 2024 request for administrative relief from the Board's April 15, 2024 decision. That decision revoked his parole, recommitted him to serve a period of 24 months as a convicted parole violator (CPV) for the offense of burglary, denied him credit for time spent at liberty on parole, and recalculated his parole violation maximum date. Kent D. Watkins, Esquire (Counsel), Petitioner's court-appointed counsel, has filed an Application to Withdraw as Counsel (Application) along with a *Turner*[1] letter on the basis that the appeal lacks merit. Upon review, we grant Counsel's Application and affirm the Board's decision.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

## I. Facts and Procedural Background

The relevant facts and procedural history of this case are as follows. Petitioner is an inmate currently confined at the State Correctional Institution (SCI) at Mahanoy serving a two- to five-year sentence for violating his parole and carrying a firearm without a license. (Certified Record (C.R.) at 1.) He was incarcerated on June 7, 2019, with an original maximum date for his sentence of March 27, 2024. (C.R. at 1, 2.) On November 24, 2020, the Board granted Petitioner conditional parole to begin on or after March 27, 2021. (C.R. at 4.) On April 9, 2021, Petitioner signed conditions governing his parole, including one that stated, in relevant part:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

(C.R. at 9.)

On April 11, 2021, Petitioner was released on parole to an approved home plan. (C.R. at 7.) On August 2, 2022, he was arrested by Swarthmore Police and confined in Delaware County. (C.R. at 18, 19, 79.) On August 3, 2022, the Department of Corrections (DOC) issued a warrant to commit and detain him. (C.R. at 17.) On September 8, 2022, the Board issued an action detaining Petitioner pending disposition of the new criminal charges. (C.R. at 8.)

Petitioner was charged with five counts of Burglary – Overnight Accommodations; Person Present (F1). (C.R. at 19.) These charges became Petitioner's Delaware County Court of Common Pleas docket number CP-23-CR-0003968-2022 (Delaware 3968-2022) case. (C.R. at 25, 79-85.) On August 3, 2022, the Magisterial District Court set bail at $150,000.00 and transferred the case to the

Delaware County Court of Common Pleas on September 13, 2022 (C.R. at 79, 83.) Petitioner did not post bail. (C.R. at 79.)

On September 28, 2023, Petitioner pled guilty to all five counts of Burglary – Overnight Accommodations; Person Present (F1). (C.R. at 84-85.) On the same day, the trial court sentenced him to 24 months to 72 months of confinement and to pay restitution. (C.R. at 82, 84.) On February 8, 2024, the Board provided Petitioner with a notice of charges and a notice that a parole revocation hearing had been scheduled for March 11, 2024, at SCI-Benner, based on his new Delaware conviction. (C.R. at 19.) On February 12, 2024, he waived his right to a panel hearing but invoked his right to a revocation hearing and to counsel. (C.R. at 20, 21.)

At the revocation hearing, Petitioner was represented by David Crowley, Esq., of the Centre County Public Defender's Office. (C.R. at 33, 39-45.) Petitioner acknowledged his conviction of five counts of burglary. (C.R. at 35.) On March 13, 2024, the Board voted to adopt the Hearing Examiner's recommendation and recommit Petitioner to SCI-Benner as a CPV, with no credit for time spent at liberty on parole. (C.R. at 73.) The Board's Hearing Report indicates that Petitioner was returned to an SCI on October 18, 2023. (C.R. at 69.) It also indicates that Petitioner's Offense Gravity Score (OGS) was 13, that the minimum range for his convictions was 24 months, and the maximum range was 36 months. (C.R. at 72.)

In a decision recorded on April 15, 2024 (mailed on April 18, 2024), the Board recommitted Petitioner as a CPV to serve 24 months for the five counts of burglary. It also stated that "the Board in its discretion does not award credit to you for the time spent at liberty on parole for the following reason(s): The offender continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole." (C.R. at 92-93.) The Board's decision also recalculated his original sentence maximum date from March 27, 2024, to February

3

27, 2027. (C.R. at 90-93.) The Board determined his original sentence maximum date as follows. When Petitioner was released on parole on April 11, 2021, his original sentence maximum date was March 27, 2024. (C.R. at 7.) Citing unresolved drug issues, the Board in its discretion did not award credit for time Petitioner spent at liberty on parole. (C.R. at 73, 92, 93.) This resulted in his owing 1,081 days of backtime toward his original sentence. (C.R. at 90.) The Board used April 15, 2024, the date of the decision to recommit, as the custody for return date. (C.R. at 90.) Adding 1,081 days (or 2 years, 11 months, and 14 days) to March 13, 2024, resulted in Petitioner's new original sentence maximum date of February 27, 2027. (C.R. at 90.) On May 10, 2024, Petitioner, represented by Attorney Crowley, filed a counseled Administrative Remedies Form alleging that the recommitment period of 24 months was excessive under the circumstances. The Form also stated that the reason given for denying Petitioner credit for his parole liberty was not supported by the record. (C.R. at 94-95.)

On September 9, 2024, the Board mailed Petitioner a Response to his Administrative Remedies Form denying the administrative appeal and affirming the Board's decision of April 15, 2024. (C.R. at 96-97.) The Board's determination stated in part:

> The decision on whether to grant or deny a convicted parole violator "CPV" credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code, [61 Pa.C.S. §§ 101-6309,] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. Pursuant to the Supreme Court's ruling in *Pittman v. Pa. Bd. of Prob. and Parole*, [159 A.3d 466 (Pa. 2017),] the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that [Petitioner] was denied such credit because he continued to demonstrate unresolved drug and/or alcohol issues. The supervision history notes multiple positive drug tests for

4

THC, PCP, Meth, and Cocaine. Therefore, the panel finds the reason indicated to deny him credit for the time spent at liberty on parole is sufficient.

The Board recommitted [Petitioner] to serve a term of 24 months for the offenses in question. The recommitment range assigned to those offenses are as follows, based on 204 Pa. Code § 311.6.

- BURGLARY – OVERNIGHT ACCOMMODATIONS; PERSON PRESENT (F1) – 5 Counts
  18 § 3502 §§ A1ll, OGS = 13, range:  24-36 months incarceration

[Petitioner's] recommitment range falls within the violent offender category due to a past conviction of Burglary – Overnight Accommodations – Person Present. Based on the most serious conviction, the recommitment range is 24 to 36 months. Because that term is within the sentencing guidelines, it is therefore not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

(C.R. at 96-97.) The Board then stated that "the appeal panel finds no grounds to grant administrative relief and AFFIRMS the Board decision recorded on April 15, 2024 (mailed 4/18/2024)." (C.R. at 97.)

On October 4, 2024, Petitioner's new Counsel, Kent D. Watkins from the Schuylkill County Public Defender's Office, filed a petition for review with this Court.[2] Thereafter, Counsel filed the Application and *Turner* letter based on his belief that Petitioner's appeal is without merit.

---

[2] Petitioner is currently incarcerated in SCI-Mahanoy, which is located in Schuylkill County.

## II. Discussion[3]

### A. *Turner* Letter

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw, if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 771 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has complied with the technical requirements for a withdrawal, we independently review the merits of the petitioner's claims. *Id.* at 70.

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted an exhaustive examination of the record and has concluded that Petitioner's appeal is without merit and lacks support in either law or fact. He sets forth the issues Petitioner raised in his administrative remedies form and his petition for review. Counsel provides a thorough analysis of why the case lacks merit and cites applicable regulations and case law in support. Based on his review, Counsel concludes that Petitioner's appeal to this Court is without merit, and he requests permission to withdraw.

---

[3] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred, or whether constitutional rights were violated." *Bailey v. Pennsylvania Parole Board*, 323 A.3d 259, 263 n.8 (Pa. Cmwlth. 2024) (quoting *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d. 1021, 1023 n.5 (Pa. Cmwlth. 2017)). To the extent that this appeal involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Counsel provided Petitioner with a copy of the *Turner* letter and his request to withdraw. He also advised Petitioner of his right to retain new counsel or to proceed *pro se*. As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall now conduct an independent review to determine whether Petitioner's petition for review lacks merit.

## B. *Independent Review of the Merits*

In his petition for review, Petitioner lists the following three objections to the Board's April 15, 2024 decision: (1) the Board failed to give the Petitioner credit for all time served exclusively pursuant to the Board's warrant or while incarcerated; (2) the Board abused its discretion by failing to give him credit for all time he spent in good standing on parole; and (3) the Board recommitted him for a period of time outside of the presumptive range for his new conviction. (Petition for Review (PFR) at 2.) We address each of these arguments in turn.[4]

---

[4] We note that Petitioner raises two additional issues in his brief. First, he claims that "the statute at 61 Pa.C.S. § 6138(a)(2) and (2.1) and (2.2) is unconstitutional on its face and/or as applied to Petitioner because it violates the 8th Amendment prohibition against cruel and unusual punishment and the 5th Amendment right against double jeopardy for double punishment for the same crime." (Petitioner's Br. at 11.) However, Petitioner cites no legal authority for this claim. Because a petitioner's "failure to develop an argument on appeal results in waiver," we find these issues to be waived. *Commonwealth v. Spotz*, 716 A.2d 580, 585 n. 5 (Pa. 1998). Even if these claims were not waived, Pennsylvania Courts have repeatedly upheld the Board's authority to deny credit to convicted parole violators against the charge that doing so violates the Double Jeopardy Clause of the Fifth Amendment and/or the Eighth Amendment's prohibition against cruel and unusual punishment. *See, e.g.*, *Reyes v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1351 C.D. 2015, filed June 8, 2016) (unreported) Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code § 69.414(a); *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295 (Pa. Cmwlth. 1989). Petitioner also asserts that Counsel was ineffective because he did not follow the proper procedure to withdraw as his counsel. *Id.* This issue is dealt with in our analysis of Counsel's Application to Withdraw, *supra*.

1. <u>Whether the Board Failed to Give Petitioner Credit for All Time</u>
<u>Served Exclusively Pursuant to the Board's</u>
<u>Warrant or while Incarcerated</u>

Petitioner argues in his brief and in his petition for review that the Board failed to give him credit for all of the time he served exclusively pursuant to the Board's warrant or while incarcerated. (Petitioner's Br. at 22.) Respondent does not address this argument because these arguments were not raised for the Board's consideration in Petitioner's counseled Administrative Review Form. This Court has held that issues not raised by a CPV before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived for purposes of appellate review. *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *see also* Pennsylvania Rule of Appellate Procedure 1551(a) (providing that no question shall be heard or considered by the Court which was not raised before the government unit), Pa.R.A.P. 1551(a). We therefore find this issue to be waived.

2. <u>Whether the Board Failed to Give Petitioner Credit</u>
<u>for All Time Spent at Liberty on Parole</u>

The Board decision recorded on April 15, 2024, recommitted Petitioner as a CPV, but declined to award Petitioner credit for the time he spent at liberty on parole for the following reason: "[t]he offender continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time spent at liberty on parole." (C.R. at 92-93.) In his counseled Administrative Remedies Form, Petitioner argued that "the reason articulated for denying parole liberty credit (unresolved drug and/or alcohol issues) was not supported by the record, contravening *Pittman v. Pennsylvania Board of Probation and Parole*, [] 159 A.3d 466 (Pa. 2017)." (C.R. at 94.)

The Board, in its Response to the Administrative Remedies Form, (mailed on September 9, 2024), addressed Petitioner's assertion by stating that "[t]he decision on whether to grant or deny a convicted parole violator 'CPV' credit for time at liberty on parole is purely a matter of discretion." (C.R. at 96.) It then noted that under *Pittman*, the Board "must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole." *Id.* The Board stated that it had done so in this case and noted that Petitioner's supervision history "notes multiple positive drug tests for THC, PCP, Meth, and Cocaine. Therefore, the panel finds the reason indicated to deny him credit for the time spent at liberty on parole is sufficient." *Id.*

Section 6138(a) of the Prisons and Parole Code (Code) sets forth the Board's powers in connection with CPVs. 61 Pa.C.S. § 6138(a). It provides, in pertinent part:

**(a) Convicted violators.--**

(1) The Board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any thereafter in a court of record.

(2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The Board may, **in its discretion,** award credit to an offender recommitted under paragraph (2) for the

9

time spent at liberty on parole, unless any of the following apply:

(i)     The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

(ii)    The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a) (emphasis added.)

Therefore, under the statute, the decision regarding whether to grant a CPV credit for time spent at liberty on parole is purely discretionary. However, as Petitioner maintains, the Board is required to provide the reason or reasons for its decision to deny such credit. In *Pittman*, 159 A.3d at 468, our Supreme Court held that the Board must consider whether to grant CPVs credit for time spent at liberty on parole under Subsection 6138(a)(2.1) of the Code. It also held that "the Board must provide a contemporaneous statement explaining its rationale for denying a CPV credit for time spent at liberty on parole." *Id.* The Court further explained that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most circumstances." *Id.* at 475 n.12.

In the instant case, the Board clearly exercised its discretion in denying Petitioner credit for time spent at liberty on parole, and the Board also provided a contemporaneous statement explaining its reason for doing so. (C.R. at 92-93.) However, Petitioner also asserts that the reason given was not supported by the record. (C.R. at 94.) A review of the record in this case reveals this argument to be without merit because the record provides numerous references to Petitioner's illegal

10

drug use. For example, on July 6, 2021, Petitioner was removed from a recovery house after a positive urine test for THC and Meth. On October 15, 2021, Petitioner submitted a positive urine test for PCP. Also, on July 6, 2022, Petitioner tested positive for THC and cocaine. (C.R. at 27.) In addition, when Petitioner was arrested by Swarthmore Police following his arrest on August 2, 2022, Petitioner admitted that he was using cocaine and methamphetamines. (C.R. at 24.) At Petitioner's revocation hearing on March 11, 2024, Petitioner, who was assisted by counsel, again admitted to "using street substances" around the time of his arrest by Swarthmore Police. (C.R. at 40.) In addition, the Hearing Examiner's Revocation Hearing Report gives as a reason for the Hearing Examiner's recommendation to deny Petitioner credit for his current period at liberty on parole that Petitioner "had positive urine tests during this period of supervision." (C.R. at 73.)

Given Petitioner's documented record of using of illegal drugs while under supervision, we find the Board's stated reason for denying Petitioner credit for time spent at liberty on parole was supported by the record. Therefore, we can find no fault with the Board's decision to deny Petitioner credit for time spent at liberty on parole.

3. Whether the Term of Recommitment Given to Petitioner
Falls Within the Presumptive Range

When the Board recommitted Petitioner as a CPV, it required him to serve a recommitment period of 24 months. (C.R. at 92.) Petitioner maintains that the Board recommitted him outside of the presumptive range for his new conviction. (Petitioner's Br. at 23, 31-32.) In his counseled Administrative Remedies Form Petitioner submitted to the Board, he asserted that:

> At the March 11, 2024 revocation hearing[,] it was established that the OGS [(Offense Gravity Score)] of the most serious conviction was at 9[,] which yields a presumptive guideline range of 12 to 18 months. The

11

> decision does not articulate any aggravating circumstances. The recommitment for a period of 24 months under these circumstances was excessive. *Duncan v. Pennsylvania* [*Board of Probation and Parole*,] 687 A.2d 1179, 1180 (Pa. Cmwlth. 1996).

(C.R. at 94.) However, in its Response to Petitioner's Administrative Remedies Form, the Board stated:

> The Board recommitted [Petitioner] to serve a term of 24 months for the offenses in question. The recommitment range assigned to those offenses are as follows, based on 204 Pa. Code § 311.6.
>
> - BURGLARY-OVERNIGHT ACCOMMODATIONS; PERSON PRESENT (F1) – 5 counts 18 § 3502 §§ A1ll, OGS= 13, range: 24 – 36 months incarceration.
>
> [Petitioner's] recommitment range falls within the violent offender category due to a past conviction of Burglary – Overnight Accommodations – Person Present. Based on the most serious conviction, the recommitment range is 24 to 36 months. Because that term is within the sentencing guidelines, it is therefore not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

(C.R. at 96-97.)

When the Board recommits a parolee as a CPV, the person shall be recommitted to a correctional facility to serve the remainder of the term which the person would have been compelled to serve had the parole not been granted, and the period of time for which the paroled person is required to serve shall be computed by the Board. 204 Pa. Code § 311.5(a)(2)(i) & (iii). In computing the amount of time to be served, the Board is to consider the applicable recommitment ranges set forth in Section 311.5(b). These ranges account for the seriousness of the new

12

conviction offense or offenses, which is determined by identifying the highest OGS assigned to all new conviction offenses and then determining the corresponding sentencing for that offense. The regulation also lists factors to be considered by the Board in the exercise of its discretion. 204 Pa. Code § 311.5(b)(1).

In Response to Petitioner's argument, Respondent maintains that on January 1, 2024, new Parole Recommitment Ranges to be used to determine the applicable ranges for parole violators became effective in Chapter 311 of Title 204 of the Judicial Code. Also on January 1, 2024, the 8th Edition Sentencing Guidelines at 204 Pa. Code § 303a replaced the earlier 7th Edition Guidelines at 204 Pa. Code § 303, which dramatically altered the structure of the Sentencing Guidelines. The 8th Edition Guidelines provide for a range of OGS from 1 to 30, while the range of scores for the 7th Edition was between 1 and 15. Therefore, the OGS set forth in the 7th Edition Sentencing Guidelines are not appropriate for determining recommitment ranges under 204 Pa. Code § 311. (Respondent's Br. at 15-17.)

Respondent maintains that because Petitioner was recommitted on March 13, 2024, which is after the 8th Edition sentencing guidelines went into effect, his OGS must be calculated under 204 Pa. Code § 303a, and that this edition of the Guidelines reflects that a 3501(a)(1)(ii) Burglary of Overnight Accommodations – Person Present (F1) conviction yields an OGS of 13, with a minimum range of 24 months and a maximum range of 36 months. (Respondent's Br. at 16.) Indeed, the Board's Revocation Hearing Report states that the convictions which Petitioner admitted to at the hearing had an OGS of 13, a minimum range of 24 months, and a maximum range of 36 months. (C.R. at 72.)

Under 204 Pa. Code § 311.6(b), which provides recommitment ranges for CPVs, a parolee's range is determined based on whether the new conviction was non-violent or violent. 42 Pa.C.S. § 9714(g) defines "burglary as defined in 18 Pa.C.S. § 3502(a)(1)" as a crime of violence. Petitioner's conviction for an 18

13

Pa.C.S. §3502(a)(1) Burglary of Overnight Accommodations – Person Present (F1), particularly when combined with a previous conviction for burglary, makes him a violent offender in the Board's calculation of his recommitment. Because Petitioner had an OGS within the violent recommitment range, he had a presumptive recommitment range of 24 to 36 months. (C.R. at 72.) Therefore, Petitioner has not established that the Board's decision to recommit Petitioner to 24 months was excessive, as he alleged in his Administrative Remedies Form. (C.R. at 94.) Our Supreme Court has held that when the recommitment period falls within the presumptive range, the courts will not review the Board's imposition of a recommitment period. *Smith*, 574 A.2d 558 (stating that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment") (citations omitted). We therefore find this argument to be without merit.

### III. Conclusion

Upon review, we agree with Counsel that Petitioner's claims are without merit. Accordingly, we grant Counsel's Application and affirm the Board's decision.

_____
PATRICIA A. McCULLOUGH, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oliver Collins,                       :
           Petitioner        :
                             :
       v.                 :     No. 1316 C.D. 2024
                             :
Pennsylvania Parole Board,   :
           Respondent     :

## ***ORDER***

AND NOW, this 20th day of January, 2026, the Application for Leave to Withdraw as Appellate Counsel, filed by Kent D. Watkins, Esquire in the above-captioned matter is hereby GRANTED, and the order of the Pennsylvania Parole Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge